CASE 35—ACTION BY THE COMMONWEALTH BY THE
AUDITOR'S AGENT AGAINST THE LOUISVILLE
WATER COMPANY TO RECOVER A PENALTY FOR
FAILURE TO PAY TAXES.—March 5.         •

# Louisville Water Co. v. Commonwealth

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for plaintiff.   Defendant appeals—Reversed.

Taxation—Delinquency—Prosecution—Power of Auditor's Agent to
  Prosecute.—St. 1900, section 4091, makes any corporation
  failing to pay its taxes, penalty, and interest after becoming
  delinquent guilty of a misdemeanor and liable to a fine.
  Section 4263 makes it the duty of the revenue agent, when
  directed by the auditor, to institute suits, etc., in the name of
  the commonwealth against any delinquent person, to recover
  any money due the commonwealth.  Held, that the auditor's
  agent has no authority to institute a suit to recover the
  penalty by section 4091, as a person charged with having
  committed a misdemeanor does not owe the commonwealth
  any money until he has been convicted.

CARROLL & MIDDLETON for appellant.

## POINTS AND AUTHORITIES.

1. The Water Company acted in entire good faith in failing to
pay the franchise tax.  Where there is grave legal doubt as to
the liability of property for taxation heavy penalties for failure
to pay the tax should not be exacted.  (Taylor vs. Commonwealth,
54 Ky. (15 B. Mon.) 9; Commonwealth, &c. vs. L. & N. R. R. Co.,
89 Ky. 134; Katchem, &c. vs. Pennsylvania R. R. Co., Federal
Case No. 7738; Delaware Division Canal Company vs. Commonwealth, 50 Paa. (14 Wright) 399; State vs. Chicago & Northwest-

ern Ry. Company, 108 N. W. 594, 128 Wis. 449).

2. The judgment entered in the case of City of Louisville vs. Bell, on June 27, 1907, protected the Water Company fully from the penalties sought to be collected herein. (Louisville Water Co. vs. Clark, 94 Ky. 47.)

3. The faith of the Commonwealth was pledged to protect the Water Company from these penalties.

4. By instituting through its Revenue Agent, John Cassady, an action in the Jefferson Circuit Court for the purpose of recovering franchise taxes for the years 1906 and 1907, together with ten per cent, penalty and ten per cent interest, the Commonwealth split its cause of action an delected not to sue for the $50.00 a day penalty. The plea in abatement setting up that action in the Jefferson Circuit Court in bar of this action should have been sustained.

Section 15, Art. 4, sub-division 1 of the Act of 1906 relating to Revenue and Taxation. (B. F. Johnson Publishing Co. v. Commonwealth, 97 S. W. 749; Commonwealth vs. Southern Pacific Company, 32 Ky. Law Rep. 285; L. & N. R. R. Co. vs. Commonwealth, 29 Ky. Law Rep. 666, 94 S. W. 655; Pilcher vs. Ligon, 91 Ky. 228.)

5. The section of the Statute under which the fine was imposed is unconstitutional, first, because it levies an excessive fine and, second, because it discriminates against those corporations which pay franchise taxes and does not afford them the equal protection of the law guaranteed by the fourteenth amendment. (State vs. G. H. and S. A. R. R. Co., 97 S. W. 71; 7 Cyc. 185; Mutual Fire Ins. Co. of New York vs. Hammond, 21 Ky. Law Rep. 204.)

ARTHUR E. HOPKINS, McQUOWN & BECKHAM and D. W. SAUNDERS, for Commonwealth.

CLASSIFICATION AND AUTHORITIES.

(a) The power to tax is inherent in the government. (Cooley on Taxation, Vol. 1, p. 7, and cases there cited.)

(b) As to classification, policy, construction, imposition of penalties, etc., see: (Ky. Railroad Tax cases, 115 U. S. 321; W. U. Telegraph Co. vs. Indiana, 146 Ind. 54; W. U. Telegraph Co. vs. Indiana, 165 U. S. 304; Mobile County vs. Kimball, 102 U. S. 704; Louisville & Jeff. Ferry Co. vs. Com , 104 Ky. 726; Louisville & Jeff. Ferry Co. vs. Com., 188 U. S. 385; State vs. Ind. & Ills. R. R., 18 L. R. A. 504; Sate vs. Kansas City, etc. R. R., 32 Fed. 722; Hall vs. Com., 101 Ky. 382.)

(c) Excessive fine no ground for relief where fine is imposed by law which violates no constitutional limitation. (W. U. Tel. Co. vs. Indiana, 165 U. S. 304; State vs. Kansas, etc., R. R., 32 Fed. 722; Waters-Pierce Oil Co. vs. Texas, decided January 18, 1909.)

2. Appellant on the record and published opinion of this Court cannot raise question of "good faith" in failing to pay the franchise tax and penalty. It has willfully failed to pay this tax. Good faith no defense to infiction of penalty. (Com. vs. Keathley, 82 S. W. 232; Com. vs. Toncray, 21 Ky. Law Rep. 572; State vs. Chicago, etc., R. R., 108 N. W. 594.)

Reported cases where the appellant has persistently litigated and delayed payment of its taxes are: (Louisville Water Co. vs. Hamilton, 81 Ky. 519; Louisville Water Co. vs. Com., 89 Ky. 244; Clark vs. Louisville Water Co., 90 Ky. 515; Louisville Water Co. vs. Clark, 94 Ky. 47; Louisville Water Co. vs. Clark, 141 U. S. 1; Bell, Sheriff, vs. Lou. Water Co., 32 Ky. Law Rep. 599.)

(a) City, etc., vs. Bell, Sheriff, had no reference to the franchise tax. (Bell, etc., vs. City of Louisville, etc., 32 Ky. Law Rep. 509.)

(b) The agreement in City, etc., vs. Board of Valuation and Assessment in the Franklin Circuit Court was a nullity. No injunction issued and the State's officers were powerless to make any agreement concerning the collection of the tax after the assessment had become final. (I. C. A. R. vs. Com., 32 Ky. Law Rep. 1112, and cases there cited.

3. Section 15, Art. IV., Sub. Div. 1, Chap. 22, Acts of 1906, and Sec. 4091, Kentucky Statutes, 1903, create two separate and distinct causes of action. (L. & N. R. R. Co. vs. Com., 29 Ky. Law Rep. 666.)

(a) Jurisdiction exclusively in the Franklin Circuit Court Com. vs. Morrel, etc., Car Co., 112 S. W. 860.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

After the decision of this court in Board of Councilmen v. Commonwealth, 94 S. W. 648, 29 Ky. Law Rep. 699, the city attorney of Louisville advised the Louisville Water Company that it was not liable to state taxation. The sheriff of Jefferson county under the tax warrants in his hands levied upon the

property of the water company for the state taxes of 1906 on its tangible property. The water company thereupon filed an action in the Jefferson circuit court enjoining the sheriff from collecting the taxes. A temporary injunction was granted by the chancellor, which on June 27, 1907, was made perpetual by a final judgment in the action. An appeal was taken from that judgment, and in this court it was held that the water company was subject to taxation. See Bell, Sheriff, v. City of Louisville, 106 S. W. 862, 32 Ky. Law Rep. 699. The petition for rehearing was filed, which was subsequently overruled, and thereupon the water company paid its taxes with the penalties. On March 7, 1908, Arthur E. Hopkins filed this suit as auditor's agent in the name of the Commonwealth against the Louisville Water Company in the Franklin circuit court, in which he set up the fact that the company had been delinquent in the payment of its franchise tax for 1906 for 581 days, and sought to recover a judgment against it for a fine of $50 for each day the tax remained unpaid and 20 per cent. thereon. The company filed an answer to which the circuit court sustained a demurrer, and, it failing to plead further, entered a judgment against it as prayed in the petition. From this judgment, the water company appeals.

The proceeding is based on Section 4091, Ky. St., which, so far as material, is as follows: "All state taxes assessed against any corporation, company or association under this article, shall be due and payable thirty days after notice of the same has been given said corporation, company or association by the auditor; and all county, municipal, school and other taxes shall be due and payable thirty days after notice of the amount of said tax is given by the officer whose

duty it is to collect the same; and every such corpora-
tion, company or association failing to pay its taxes,
after receiving thirty days' notice, shall be deemed de-
linquent, and a penalty of ten per cent. on the amount
of the tax shall attach, and thereafter such tax shall
bear interest at the rate of ten per cent. per annum.
Any such corporation, company or association failing
to pay its taxes, penalty and interest, after becoming
delinquent, shall be deemed guilty of a misdemeanor,
and, on conviction, shall be fined fifty dollars for each
day the same remains unpaid, to be recovered by in-
dictment or civil action, of which the Franklin circuit
court shall have jurisdiction.'' It will be observed
that any corporation failing to pay its taxes, penalty,
and interest after becoming delinquent shall be
deemed guilty of a misdemeanor, and on conviction
shall be fined $50 for each day the tax remains un-
paid. The statute adds a certain penalty to the tax
if it is not paid, and provides that the taxes shall
then bear interest at 10 per cent., and it further pro-
vides that the nonpayment of the taxes, penalty, and
interest shall be a misdemeanor, punishable by a fine
of $50 a day. The question which lies at the threshold
of this case is: Has the auditor's agent authority to
institute a proceeding for the punishment of a mis-
demeanor created by statute? The only authority
relied on is section 4263, Ky. St.: "It shall be the
duty of the revenue agent, and he shall have authority
when directed by the auditor, to institute suits,
motions, or proceedings in the name of the Common-
wealth against any delinquent officer, or other per-
son, to recover any money which may be due the Com-
monwealth; and, in all such suits, motions or pro-
ceedings in which a judgment is recovered, the
party in default shall, in addition to the amount for

which he is liable to the state, be adjudged to pay
a penalty of twenty per cent. of the amount due; and
the revenue agent who prosecutes such action and
recovers the amount due the Commonwealth, shall be
entitled to receive said penalty for his services. The
penalties herein provided for shall not be in addition
to the penalties in actions in the name of the Com-
monwealth prosecuted by the county attorney or other
attorneys for the Commonwealth. The money so ad-
judged due the Commonwealth, and penalties and
costs, shall be paid to the State Treasurer, and he
shall, within thirty days, pay the twenty per cent.
penalty and costs to the officers entitled thereto.'' By
this section the auditor's agent is authorized when
directed by the auditor to institute suits to recover
any money which may be due the Commonwealth;
but, when a person is alleged to have committed a
misdemeanor, he cannot be said to be owing to the
Commonwealth any money until his guilt has been
established by conviction. When he has been con-
victed of the offense, the amount of the judgment is
due by him to the Commonwealth; but it was not con-
templated by this statute that the auditor's agent
should be authorized to prosecute persons supposed
to be guilty of a misdemeanor, and thus collect from
them not only the fine imposed by the statute, but
also a 20 per cent. penalty thereon. The 20 per cent.
penalty is allowed by the statute as a penalty against
the person who has failed to pay the Commonwealth
money which he owed it. But, when a person is sim-
ply charged with having committed a public offense,
he cannot be proceeded against under this section.
If the prosecution was instituted by the Common-
wealth attorney, simply a fine would be imposed;
but, if it may be maintained under this section, a

penalty of 20 per cent. in addition to the fine may be required to be paid. The Legislature contemplated no such result. It had not in mind in enacting section 4263 an additional procedure for the prosecution of offenses against the penal laws.

Judgment reversed and cause remanded, with directions to the circuit court to dismiss the proceedings.