## Atterbury, County Clerk v. Waldeck.

(Decided March 13, 1925.)

### Appeal from Hart Circuit Court.

Licenses—Revenue Agent Held Without Authority to Collect 20 Per Cent. Penalty from Delinquent Automobilist—"Occupational Tax"—"Conduct of Business."—Where revenue agent instituted no proceedings to collect an alleged delinquent automobile tax, did not report such automobilist as violating any law governing license taxes, and automobile license tax not being an "occupa-

tional tax" within Ky. Stats., section 4193, nor the running of an automobile the "conduct of a business" within such section, held, that revenue agent was not authorized under either sections 4193, 4261, or 4263-4, to collect a 20 per cent. penalty from such delinquent automobilist as condition to issuance of registration certificate.

W. H. STRANGE for appellant.

C. B. LAIRMORE, C. B. DOWLING, STANLEY B. MAYER and SELLIGMAN & SELLIGMAN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

By this action, appellee sought to compel the appellant, the county clerk of Hart county, to issue to him a 1925 certificate of registration and license tags for his automobile, a private and pleasure car, on payment of the required statutory fees. Appellant resisted the relief sought on the ground that, in addition to the statutory fees, appellee should pay a penalty of twenty per cent for the benefit of the state revenue agent. The lower court granted appellee the relief sought and appellant appeals.

The case was tried on a demurrer to the petition and the following agreed statement of facts:

"That W. E. Waldeck is a citizen and resident of Munfordsville, Hart county, Kentucky, and is the owner of one Ford sedan automobile, which was registered and licensed in the year 1924, and that said car was used only for his family and himself and not in connection with business in which he is engaged. Further, that said Waldeck has not operated or driven said car upon any street, highway or public road of Hart county or in the state of Kentucky, since the 17th day of December, 1924, and that said car has been in plaintiff's garage during all of said time. It is further agreed as a fact that the plaintiff W. E. Waldeck presented himself in the office of the clerk of the Hart county court on the 19th day of January, 1925, and requested of said clerk a certificate of registration and license plates or tags for the year 1925 and tendered the said clerk in payment therefor the sum of $13.53, the legal fee required for like character of automobiles, at said

time giving to said clerk his name and postoffice address, name of the manufacturer of his said automobile, motor number, car chassis number, the model and year, horse power as rated by the Society of Automobile Engineers, motive power and style and weight. That said defendant, W. H. Atterbury, as clerk of said court refused to license said car and issue to plaintiff a certificate of registration and license plates or tags without the payment to him of twenty per cent penalty for the use and benefit of the revenue agent. It is further agreed that said defendant had been notified by letter to issue no license to any person for the registration for his or her automobile after the 15th day of January, 1925, without the payment of twenty per cent of the regular license fee in addition to the license fee.''

These facts are supplemented by other facts appearing in the petition and admitted by the demurrer to the effect that the state revenue agent had by letter ordered and directed appellant to declare all persons who had not procured automobile licenses for their cars prior to January 16, 1925, delinquent and to exact a penalty of twenty per cent of such license fee for the benefit of the revenue agent as a condition to its issual; but that up to the time of appellee's application for his 1925 license, the revenue agent had not reported him to the Commonwealth's attorney or to the county attorney or to the grand jury as violating any law governing license taxes nor had the revenue agent prosecuted him for any such violation or sued him for the license tax or caused him to make the application aforesaid.

Whether or not the revenue agent and hence the appellant were justified in demanding the asked for penalty of twenty per cent depends, of course, on whether or not there is statutory authorization for the same. We have not been favored with a brief for the revenue agent, and the brief filed by the county clerk in a companion case to this one which, by agreement, was considered on this appeal, concurs in the argument advanced for appellee. We have searched the statutes carefully and can find only the following sections which bear on the question before us. The first is section 4263-4, which reads:

''It shall be the duty of the revenue agent, state or county, and he shall have authority when directed

by the (state tax commission) to institute suits, motions or proceedings in the name of the Commonwealth against any delinquent officer or other person to recover any money which may be due the Commonwealth, or license taxes due the Commonwealth, or any inheritance tax· due this Commonwealth, or any county school or district school taxes due any county or school district in this Commonwealth; (provided, that the (state tax commission) may appoint or designate a special revenue agent for the purpose of recovering county school or district school taxes due as provided herein), and in all such suits, motions or proceedings in which a judgment is recovered, the party in default shall, in addition to the amount for which he is liable to the state, county or district, be adjudged to pay a penalty of twenty per centum (20%) on the amount due; and the revenue agent who prosecutes such action and recovers the amount due the Commonwealth, county or district, shall be entitled to receive for his services seventy-five per cent (75%) of said twenty per centum (20%) penalty and the remaining twenty-five per cent (25%) of said twenty per centum (20%); penalty shall be paid into the back tax reserve fund. The penalties herein provided for shall not be in addition to the penalties in actions in the name of the Commonwealth prosecuted by the county attorney or other attorneys for the Commonwealth. The money so adjudged due the Commonwealth, and penalties and costs, shall be paid to the state treasury, and he shall within thirty days pay the seventy-five per centum (75%) of said penalty and costs to the officer entitled thereto.''

It is obvious that the revenue agent is not entitled to a twenty per cent penalty under this section unless he institutes on proper authorization in some court a suit, motion or proceeding to collect the delinquent license tax, in which suit, motion or proceeding, when finally adjudicated, the court must add as a part of the judgment the named penalty. In the case before us, the revenue agent has not instituted any suit, motion or proceeding against appellee to recover the alleged delinquent automobile tax, and hence he cannot claim the penalty demanded by virtue of this section of the statutes.

The next pertinent section is section 4261, which reads:

"He shall report to the Commonwealth's attorney, county attorney or grand jury all persons who may be guilty of violating the laws governing license taxes, and shall cause said offenders to be prosecuted; and in all cases where the person so reported or prosecuted shall be granted license, and shall pay the tax and penalty of twenty per cent (20%) as imposed by law, the revenue agent who reports the offender, and who causes the payment of such license and penalty, shall be entitled to receive such penalty of twenty per cent (20%) as compensation for his services."

As the revenue agent in this case has not reported the appellee to the Commonwealth's attorney, county attorney or grand jury, and caused him to be prosecuted, he cannot justify the asked for penalty under the first part of this section, if indeed he could in a criminal proceeding; and under the case of Louisville Water Co. v. Commonwealth, 132 Ky. 311, 116 S. W. 711, it would appear that he could not. Passing this, however, and coming to the latter part of this section, we find that if the person prosecuted pays the license tax and penalty of twenty per cent as imposed by law, the revenue agent who reports the offender is entitled to this penalty. To find when the penalty of twenty per cent on these delinquent license taxes is imposed by law, we must turn to section 4193 of the statutes, which reads:

"No person shall be granted any license to conduct any business or sell any article for which a license tax is required, who has engaged in such business, or has sold any article without license within six months next preceding the time the application is made, who will not, in addition to the regular license tax, pay a sum equal to twenty per cent (20%) thereof; nor shall license be granted to any person who refuses to answer, under oath, which shall be administered by the clerk at the time the application is made, whether he or his agent have, within six months next before the time of the application been guilty of engaging in such business, or selling such articles without license therefor, and any person making a false statement on such ex-

amination shall be deemed guilty of false swearing.''

(See also a similar section, 4217b-10, concerning peddlers' licenses.)

The quoted section is a part of the general law governing occupational taxes. The sections which follow it deal in detail with the various occupations taxed and the amounts of such taxes. It will be noted that the penalty is exacted under this section when any one has conducted any business or sold any article for which a license is required within six months without having procured such license. The automobile license tax here in question is imposed as an exercise of the police power of the state, Smith v. Commonwealth, 175 Ky. 286, 194 S. W. 367, and at least where required from the owner of a private and pleasure car as a condition precedent to his use of the highways of the state cannot be said to be an occupational tax within the meaning of section 4193 of the statutes. Neither the owning of a private automobile nor the running of it on a highway is the conduct of a business as described in this section of the statutes. Hence the revenue agent cannot justify the demanded penalties by virtue of its provisions.

These are the only applicable sections we have been able to find. As none of them under the facts of this case authorize the revenue agent or the county clerk to require the payment of a twenty per cent penalty as a condition to the issue of the certificate of registration requested, the lower court correctly adjudged the appellee the relief he sought. For these reasons, the judgment of the lower court is affirmed.

Judgment affirmed.

Whole court sitting.